IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VALLEY FORGE INSURANCE COMPANY, § § *Plaintiff*, § § v. § § DIPAK SHAH, INDIVIDUALLY AND AS § ADMINISTRATOR OF THE ESTATE § OF PINI SHAH, DECEASED, § § *Defendant/Third-party Plaintiff*, § § v. § § MRAZ-SIMMONS INSURANCE AGENCY, § § *Third-party Defendant*. § | CIVIL ACTION NO. H-05-3056 |

## ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

Before the Court is the magistrate judge's Memorandum and Recommendation ("M&R") entered February 1, 2007 (Docket Entry No. 50). Plaintiff filed timely objections to the M&R (Docket Entry No. 52) to which Defendant responded (Docket Entry No. 53) and Plaintiff replied (Docket Entry No. 54). Having considered the parties' arguments, the record, and the applicable law, the Court **OVERRULES** Plaintiff's objections for the reasons explained below. Therefore, the Court **ADOPTS** the M&R.

### I. Procedural Background[1]

This declaratory judgment action concerns the interpretation of a business account package policy with regard to Plaintiff's duties to defend and indemnify Defendant in an underlying state lawsuit stemming from a fatal car accident. The state court plaintiff filed suit in January 2005. In

---

[1] A detailed summary of the underlying facts is provided in the M&R (Docket Entry No. 50, pp. 1-7).

August of that year, Plaintiff denied coverage and filed this action.

Plaintiff filed a motion for summary judgment in March 2006, and Defendant failed to respond timely. While the motion was pending before this court, the plaintiff in state court amended her petition, prompting Plaintiff to supplement its summary judgment motion. Defendant filed an opposition to Plaintiff's motion and supplemental motion for summary judgment in June 2006.

The magistrate judge recommended that Plaintiff's motion be denied because coverage is implicated under the hired auto endorsement for Defendant in his capacity as administrator of the estate of Pini Shah. The magistrate judge refused to consider extrinsic evidence in reaching her decision, finding that the eight-corners rule prohibits consideration of outside documents under the present circumstances.

## II. Standard of Review

A district court that refers a case to a magistrate judge must review de novo the portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. See Fed. R. Civ. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. See id.

## III. Discussion

Plaintiff objects to the M&R for several reasons. According to Plaintiff, "the conclusions were based on facts that were not pleaded in the underlying petition[] and 'imagined factual scenarios' relating to coverage in breach of the eight corners rule."[2] Although Plaintiff agrees that the magistrate judge did not need to address its duty to indemnify based on her duty to defend ruling,

---

[2] Plaintiff's Objections to M&R, Docket Entry No. 52, p. 7.

Plaintiff asks this Court to reach the issue should it determine that the M&R should be rejected. Additionally, Plaintiff argues that the M&R improperly employed the eight-corners rule to exclude evidence and failed to resolve the coverage question as to Defendant in his individual capacity.

Having reviewed in detail Plaintiff's arguments, all relevant briefing and evidence, and the applicable law, the Court finds that the magistrate judge did not err in denying Plaintiff's motion for summary judgment. The magistrate judge properly applied the eight-corners rule, both in drawing reasonable inferences in favor of coverage from the state court allegations and in refusing to consider extrinsic evidence to defeat the duty to defend. Defendant moved for summary judgment on its duty to indemnify based solely on its assertion that it had no duty to defend and, thus, could not have a duty to indemnify. Because the magistrate judge disagreed with Plaintiff concerning its duty to defend the underlying lawsuit, she properly also denied Plaintiff's motion with regard to its duty to indemnify.

As for Plaintiff's fourth objection, that the M&R resolved the coverage dispute as to only one of two defendants, the Court agrees with Plaintiff. Having found that the hired-auto endorsement provided no coverage for Defendant, individually, the magistrate judge failed to determine whether coverage was available to him under the non-owned-auto endorsement. The Court now considers that possibility and finds that coverage under the non-owned auto provision is available for Defendant in his individual capacity.

The policy allowed coverage for bodily injury or property damage "arising out of the maintenance or use" of a "non-owned auto by any person other than you[3] in the course of your

---

[3] The policy stated that the words "you" and "your" referred to the named insured. Plaintiff's Second Supplement to its Motion for Summary Judgment, Docket Entry No. 49, Ex. A-A, Renewed Business Account Package Policy, Businessowners Liability Coverage Form, introductory paragraph.

business."[4]  The endorsement modified the definition of "insured" to include the named insured and "any partner or 'executive officer' of yours, but only while such 'non-owned auto' is being used in your business."[5]  Partners and officers were not insured "with respect to any 'auto' owned by such partner or officer or a member of his or her household."[6]  Non-owned auto was defined as "any 'auto' you do not own, lease, hire, rent or borrow which is used in connection with your business," including autos "owned by your 'employees,' your partners or your 'executive officers,' or members of their households, but only while used in your business or your personal affairs."[7]

The first requirement, that the auto was used by someone other than the named insured in the course of the named insured's business, is met by the allegations in the underlying petition that Pini Shah ("Pini"), not a named insured, was driving the car in the course of her business as an employee. In order to qualify as an insured, Defendant must have been a partner or executive officer who did not own the automobile or live with the owner of the automobile.  As noted in the M&R, the state petition made many allegations in the alternative.  As case in point, the petition alleges that Defendant is "either the owner, operator, partner, officer, director or agent" of the named insured.[8] As partner or officer, Defendant would qualify as an insured, but only if he did not own the vehicle or live with the owner.  The state court plaintiff alleged that Defendant owned or controlled the automobile.  The latter alternative allows coverage provided that he did not live with the owner.

---

[4] Id. at Hired Auto and Non-owned Auto Liability Endorsement, ¶ II.

[5] Id. at Hired Auto and Non-owned Auto Liability Endorsement, ¶ IV; see also id. at Businessowners Liability Coverage Form, introductory paragraph.

[6] Id. at Hired Auto and Non-owned Auto Liability Endorsement, ¶ IV.

[7] Id. at Hired Auto and Non-owned Auto Liability Endorsement, ¶ VIII.

[8] Valley Forge's Supplemental Motion for Summary Judgment, Docket Entry No. 44, Ex. 4, state court first amended original petition, introductory paragraph.

Just as the magistrate judge found that it was reasonable to infer from the allegations that the state court lawsuit might adduce evidence that the automobile was borrowed by the named insured for business use, it is also reasonable to infer that the underlying lawsuit might determine that the automobile was *not* owned, leased, hired, rented, or borrowed by the named insured. For example, the allegations leave room for the possibility that Pini was using the automobile for the named insured's business without the knowledge of the named insured.[9]

Thus, Plaintiff's duty to defend also is triggered for Dunaway's claims against Defendant in his individual capacity.

## IV. Conclusion

Based on the above analysis, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the M&R. Plaintiff's motion and supplemental motion for summary judgment are **DENIED**.

The Clerk shall send copies of this Order to the respective parties.

Signed at Houston, Texas on March 7, 2007.

_____
Gray H. Miller
United States District Judge

---

[9] The Court notes that the endorsement provided coverage even if the automobile was owned by an employee, a partner, an officer, or a member of the household of an employee, a partner, or an officer, as long as the vehicle was being used in the course of business. On first blush, this appears to contradict the restriction that a partner or officer was not an insured with respect to his or her own vehicle or a vehicle owned by a member of his or her household. However, it does not contradict. Coverage is provided for damage caused by an automobile that was owned by a partner or an officer, just not for the partner or officer who owned the vehicle. The endorsement triggers the duty to defend in this case based on the allegation that Defendant was a partner or an officer who did not own the vehicle that was being used by Pini in the course of the named insured's business.